UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TOWN OF SPRAGUE,** | : | 3:11cv890 and 11cv1033 (WWE) |
| **Plaintiff,** | : | |
| v. | : | |
| **MAPEI CORPORATION,** | : | |
| **Defendant.** | : | |

### RULING ON DEFENDANT'S MOTIONS TO DISMISS

Plaintiff Town of Sprague maintains that defendant Mapei Corporation is liable for damages because it falsely represented to the Town that its product "Concrete Renew" would be suitable for resurfacing a sidewalk area. Plaintiff brings claims of product liability pursuant to the Connecticut Product Liability Act ("CPLA"), Connecticut General Statutes § 52-572m et seq., breach of contract, fraud and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110g.

Defendant has filed a motion to dismiss the claims of breach of contract, fraud and violation of CUTPA.

### BACKGROUND

For purposes of ruling on a motion to dismiss, the Court considers the allegations of the complaint to be true.

Defendant Mapei manufactures a product known as "Concrete Renew." In its informational material, defendant represented that "Concrete Renew" would meet

1

plaintiff's requirements for resurfacing a sidewalk.

Based on such representations, plaintiff purchased "Concrete Renew" for its sidewalk resurfacing project.  The complaint does not allege that the product was purchased from defendant.

Defendant had issued written instructions for the application of "Concrete Renew," which plaintiff followed in the preparation and application process.

During the first winter after the resurfacing with "Concrete Renew," the sidewalk surface separated from the underlying material.  A representative of defendant determined that the "Concrete Renew" was not bonding to the host slab, was very brittle and had lost hydration during the curing process.  Defendant's representative also found that the failure was the result of plaintiff's compliance with defendant's written instructions that failed to call for a saturated surface-dry prior to application.  The representative recommended that defendant review and change its published materials.

The surface area of the sidewalk required complete replacement.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).

## DISCUSSION

Defendant argues that the CPLA represents plaintiff's exclusive remedy and thereby bars plaintiff's claims for breach of contract, fraud and violation of CUTPA.

Section 52-572n(a), the exclusivity provision of the CPLA, provides that a product liability claim "as provided" for in the CPLA "may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." The CPLA defines "product liability claims" as "all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, or labeling of any product ..." and "shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent." Conn. Gen. Stat. § 52-572m(b). Harm is defined by the CPLA as "damage to property, including the product itself, and personal injuries including wrongful death." Conn. Gen. Stat. § 52-572m(d).

The Connecticut Supreme Court has instructed that the CPLA is "the exclusive means by which a party may secure a remedy for an injury caused by a defective product." Gerrity v. R.J. Reynolds Tobacco Co., 263 Conn. 120, 126 (2003). "The

legislature clearly intended to make our products liability act an exclusive remedy for claims falling within its scope." Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471 (1989).

In determining whether a specific cause of action falls within the scope of the CPLA, the Court should examine the nature of the injury alleged and the alleged act that caused the harm. Gerrity, 263 Conn. at 128 (exclusivity provision was not designed to serve as a bar to additional claims for an injury not caused by the defective product or a claim that is not for personal injury, death or property damage.) In Gerrity, the plaintiff's CUTPA claim was preserved because plaintiff alleged financial—not personal or property—injury based upon the increased cost of cigarettes that plaintiff had to pay as a result of defendant's wrongful conduct.

Here, plaintiff's CPLA claim is alleged according to the product liability theories of strict liability, negligence, breach of warranty, failure to warn or instruct, lack of adequate warnings or instructions, and misrepresentation or nondisclosure; plaintiff seeks damages attributable to the defective product including the cost of the use of the product, investigation, and replacement. In its contract, fraud and CUTPA claims, plaintiff also seeks damages attributable to the failure of the "Concrete Renew" product. The CUTPA claim asserts that plaintiff has had to pay a higher expense for renewal of the sidewalks as a result of defendant's conduct. However, such alleged replacement cost of the sidewalk constitutes compensation for damages to plaintiff's property.

Through its contract, fraud and CUTPA claims, plaintiff seeks damages for injury to its property as a result of defendant's defective product. Accordingly, CPLA's

exclusivity provision governs the contract, fraud and CUTPA claims.  The motion to dismiss will be granted.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is GRANTED [docs. #27 and 32].

Plaintiff is instructed to file an amended complaint consistent with this ruling within fifteen days of this ruling's filing date.


_____/s/_____
Warren W. Eginton
Senior U.S. District Judge


Dated at Bridgeport, Connecticut this __24th__ day of May 2012.